IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | §   CASE NUMBER 6:23-CR-00043-JDK |
| v. | § |
| | § |
| | § |
| MICHAEL G BENSCOOTER, | § |
| | § |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On December 12, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael Benscooter. The government was represented by Robert Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class A felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. The offense carried a maximum imprisonment term of life.

On September 14, 2007, District Judge Jerry Buchmeyer of the Northern District of Texas sentenced Defendant to 151 months imprisonment followed by five years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, mental health treatment, and a $100 special assessment. On October 17, 2022, Defendant completed his term of imprisonment and began his term of supervised release in the Eastern District of Texas.

Under the terms of supervised release, Defendant was prohibited from using any controlled substance. In Allegation 2 of its petition, the government alleges Defendant violated the conditions of his supervised release when his urine sample tested positive for methamphetamine and benzodiazepines on November 29, 2023, for methamphetamines on November 7, 2023, and for marijuana on March 16, 2023. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamines, benzodiazepines, and marijuana as alleged, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 21 months imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 21 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 13th day of December, 2023.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE